UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20621-BLOOM/Louis

GRACIE LEE PRICE,

    Plaintiff,

v.

CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER ON AMENDED MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT

**THIS CAUSE** is before the Court upon Defendant Carnival Cruise Line's ("Defendant") Amended Motion to Exclude Testimony of Plaintiff's Expert, ECF No. [79] ("Motion"), filed on February 9, 2022. Plaintiff Gracie Lee Price ("Plaintiff") filed a Response in Opposition, ECF No. [85] ("Response"), to which Defendant filed a Reply, ECF No. [89] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted in part and denied in part consistent with this Order.

    **I.   BACKGROUND**

Plaintiff initiated this maritime personal injury action against Defendant on December 10, 2019. *See* ECF No. [1-3]. Plaintiff subsequently filed an Amended Complaint on April 24, 2020. *See* ECF No. [36]. In the Amended Complaint, Plaintiff seeks damages for injuries that she suffered on February 28, 2019, while she was a passenger aboard Defendant's cruise ship, *M/V Carnival Valor*. *See* ECF No. [36] ¶ 7. Plaintiff retained Dr. John H. Shim ("Dr. Shim") as an expert witness to testify at trial. *See* ECF No. [79-1]. According to Plaintiff,

> It is anticipated that Dr. Shim . . . will testify and provide opinions regarding the injuries that Plaintiff sustained as a result of the incidents alleged in this case, his review of the Plaintiff's medical records and diagnostic tests, his findings, diagnosis, prognosis, and the need for future medical treatment and care, and the cost of such treatment and care, for Plaintiff. It is also anticipated that this witness will testify that in his opinion, the Plaintiff sustained injury, including permanent injury, as a result of the subject incident. It is further anticipated that this witness will testify that the services rendered to the Plaintiff were reasonable, medically necessary, and related to the subject incident, and the charges for the services were reasonable.

*Id.* at 1. Defendant challenges Dr. Shim's expert opinion, arguing that (1) Dr. Shim's opinions of future medical care are speculative, unreliable, and lack foundation, (2) his opinions of medical causation are unhelpful and unreliable, and (3) his opinions with respect to the reasonableness and necessity of Plaintiff's past medical bills are speculative, lack foundation, and lack proper methodology. *See* ECF No. [79].

## II.     LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. When a party proffers the testimony of an expert under Rule 702, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). To determine whether expert testimony or any report prepared by an expert may be admitted, the court must engage in a three-part inquiry, which includes whether: (1) the expert is qualified to testify competently regarding the matters the expert intends to address; (2) the methodology by which the expert reaches his or her conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579,

589 (1993)). The Court of Appeals for the Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). While some overlap exists among these requirements, the court must individually analyze each concept. *See id.*

As for the qualification prong, an expert may be qualified in the Eleventh Circuit "by knowledge, skill, experience, training, or education." *J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 752697, at *3 (S.D. Fla. Feb. 27, 2013) (citing *Furmanite Am., Inc. v. T.D. Williamson*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007); Fed. R. Evid. 702). "An expert is not necessarily unqualified simply because [his] experience does not precisely match the matter at hand." *See id.* (citing *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)). "[S]o long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility." *See Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 661 (S.D. Fla. 2012) (citing *Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 2058384, at *1 (S.D. Fla. Jun. 25, 2009)). "After the district court undertakes a review of all of the relevant issues and of an expert's qualifications, the determination regarding qualification to testify rests within the district court's discretion." *J.G.*, 2013 WL 752697, at *3 (citing *Berdeaux v. Gamble Alden Life Ins. Co.*, 528 F.2d 987, 990 (5th Cir. 1976)).[1]

Next, when determining whether an expert's testimony is reliable, "the trial judge must assess whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Frazier*, 387 F.3d at 1261-62 (citation omitted) (quotation marks omitted). To make this

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

determination, the district court typically examines: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *See id.* (citing *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)). The Eleventh Circuit has emphasized that the four factors above are not exhaustive, and a court may need to conduct an alternative analysis to evaluate the reliability of an expert opinion. *See id.* at 1262 ("These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion."). Consequently, trial judges are afforded "considerable leeway" in ascertaining whether a particular expert's testimony is reliable. *See d.* at 1258 (citing *Kumho Tire Co.*, 526 U.S. at 152).

The final element, helpfulness, turns on whether the proffered testimony "concern[s] matters that are beyond the understanding of the average lay person." *Edwards v. Shanley*, 580 F. App'x 816, 823 (11th Cir. 2014) (quoting *Frazier*, 387 F.3d at 1262). "[A] trial court may exclude expert testimony that is 'imprecise and unspecific,' or whose factual basis is not adequately explained." *See id.* (quoting *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005)). To be appropriate, a "fit" must exist between the offered opinion and the facts of the case. *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004) (citing *Daubert*, 509 U.S. at 591). "For example, there is no fit where a large analytical leap must be made between the facts and the opinion." *See id.* (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)).

Under *Daubert*, a district court must take on the role of gatekeeper, but this role "is not intended to supplant the adversary system or the role of the jury." *Quiet Tech.*, 326 F.3d at 1341 (citations omitted) (quotation marks omitted). Consistent with this function, the district court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter*

4

*Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). "[I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F.3d at 1341 (citations omitted) (quotation marks omitted). Thus, the district court cannot exclude an expert based on a belief that the expert lacks personal credibility. *Rink*, 400 F.3d at 1293 n.7.

On the contrary, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596). "Thus, '[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility.'" *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). Ultimately, as noted, "a district court enjoys 'considerable leeway' in making" evidentiary determinations such as these. *Cook ex rel. Est. of Tessier*, 402 F.3d at 1103 (quoting *Frazier*, 387 F.3d at 1258).

**III. DISCUSSION**

As an initial matter, Defendant does not dispute Dr. Shim's qualifications. *See generally* ECF No. [79]. Based on a review of Dr. Shim's curriculum vitae, the Court determines that Dr. Shim is qualified to opine on the matters covered in his expert report. *See* ECF No. [79-1] at 14-18. As such, the Court next addresses whether Dr. Shim's methodology is sufficiently reliable and whether his testimony will assist the trier of fact. *See City of Tuscaloosa*, 158 F.3d at 562. As stated above, Defendant argues that Dr. Shim's opinions are inadmissible because: (1) Dr. Shim's opinions with respect to future medical care are speculative, unreliable, and lack any foundation, (2) Dr. Shim's opinions with respect to medical causation are not helpful and unreliable, and (3) Dr. Shim's opinions with respect to the reasonableness and necessity of Plaintiff's past medical

bills are speculative, lack any foundation, and lack a proper methodology. *See* ECF No. [79]. The Court considers each argument in turn.

### A. Future Medical Care

First, Defendant argues that Dr. Shim's opinions with respect to future medical care are speculative, unreliable, and lack any foundation. *See* ECF No. [79] at 7-9. More specifically, Defendant asserts that Dr. Shim vaguely discloses the possible need for "chronic treatment" without any explanation or detail regarding the required treatment. *Id*. at 7. Defendant argues that such an opinion is inadmissible because it is "imprecise and unspecific." *Id.* at 8 (citing *Trinidad v. Moore*, No. 2:15CV323-WHA, 2016 WL 5341777, at *4 (M.D. Ala. Sept. 23, 2016); *Bahr v. NCL (Bahamas) Ltd.*, No. 19-CV-22973, 2021 WL 4845789, at *12 (S.D. Fla. Oct. 18, 2021); *Cook v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1111 (11th Cir. 2005); *United States v. Frazier*, 387 F.3d 1244, 1266 (11th Cir. 2004)). In addition, Defendant argues that Dr. Shim's opinion on this matter is speculative and lacks any foundation because he failed to provide an explanation for how he arrived at his opinion and because he only reviewed medical records up to January 2020. *See id.* at 8-9. Plaintiff responds that Defendant's cited cases are distinguishable because they involve treating physicians who did not provide an expert report and nevertheless attempted to give expert testimony. *See* ECF No. [85] at 10. Plaintiff also argues that Dr. Shim's opinions are not *ipse dixit* but the result of Dr. Shim's extensive experience and review of case-specific materials, including Plaintiff's medical records, diagnostic studies, radiological imaging, CT scans, and MRIs. *See id.* at 9, 11.

The Court agrees with Defendant. Fed. R. Civ. P. 26(a)(2)(B)(i) states that expert witnesses must provide a written report with "a complete statement of all opinions the witness will express and the basis and reasons for them." Despite Plaintiff's representation that Dr. Shim will opine on "the need for future medical treatment and care, and the cost of such treatment and care," ECF No.

[79-1] at 1, Dr. Shim's expert report merely states: "Management and treatment for these new complaints would be necessary. If there is no resolution of these complaints, chronic treatment will be necessary[,]" *id.* at 5. A plain reading of the first half of Dr. Shim's opinion shows that Dr. Shim does not clarify the type and extent of management and treatment that will be necessary. As such, it is unclear what management and treatment Dr. Shim will testify about or the associated costs of such care. The second half of Dr. Shim's opinion on chronic treatment is stated in vague, probabilistic terms that are contingent on Plaintiff not resolving neck and left shoulder complaints. Dr. Shim again does not explain the type of chronic treatment that will be needed – in the event that Plaintiff is unable to resolve her neck and left shoulder complaints – or dollar figure estimates for such chronic treatment. As Defendant correctly argues, the Eleventh Circuit has held that district courts may exclude expert testimony that is "imprecise and unspecific." *Cook*, 402 F.3d at 1111; *Frazier*, 387 F.3d at 1266. In *Frazier*, the Eleventh Circuit affirmed the district court's decision to exclude an expert opinion regarding a probabilistic claim because it was an unclear, imprecise, and ill-defined opinion that would not be helpful to the jury. 387 F.3d at 1265. Dr. Shim's opinion is similarly based on a probabilistic idea that future medical care may be necessary without further clarification as to the type and cost of future medical care.[2]

---

[2] Plaintiff does not address Defendant's specific argument that Dr. Shim's expert opinion on this matter is imprecise and unspecific. *See generally* ECF No. [85]. Plaintiff argues that two of Defendant's cases *Trinidad*, 2016 WL 5341777, at *4, and *Bahr*, 2021 WL 4845789, at *12, are inapposite to this case, but she does not address Defendant's two Eleventh Circuit cases, *Cook*, 402 F.3d at 1111, and *Frazier*, 387 F.3d at 1266. *See* ECF No. [85] at 10. To the extent that Plaintiff argues that *Trinidad* and *Bahr* are distinguishable, the Court notes the following. First, Defendant's pincite in *Trinidad* is not to a specific expert witness. *See* ECF No. [79] at 8 (citing *Trinidad*, 2016 WL 5341777, at *4). The Court presumes, as does Plaintiff, that Defendant is referencing Dr. Kotecha in *Trinidad*. The *Trinidad* court excluded the testimony of Dr. Kotecha because Dr. Kotecha was a treating physician designated to opine on matters beyond the plaintiff's treatment without submitting an expert report. 2016 WL 5341777, at *4. In this case, Dr. Shim is not the treating physician but an expert who has provided his expert report. Therefore, Plaintiff correctly argues that *Trinidad* is inapposite. Next, *Bahr* involved several experts, and based on Defendant's pincite in *Bahr*, Defendant is referencing Dr. Suite, who was not a treating physician. *See* ECF No. [79] at 8 (citing *Bahr*, 2021 WL 4845789, at *12). However, Plaintiff appears to argue that *Bahr* concerned a treating physician. *See* ECF No. [85] at 10. Plaintiff's argument is misplaced given Defendant's pincite to

As such, the Court determines that Dr. Shim's expert opinion on future medical care is inadmissible as an imprecise and unspecific opinion that would be unhelpful to the trier of fact. Given the Court's determination, the Court need to not address Defendant's other arguments.

### B. Medical Causation

Defendant argues that Dr. Shim's opinions with respect to medical causation are not helpful and unreliable. *See* ECF No. [79] at 9-10. More specifically, Defendant submits that Dr. Shim failed to disclose the basis of his causation opinion and did not provide a "scientific" or "technical" explanation of how he arrived at his conclusion. *See id.* at 10. Defendant also asserts that Dr. Shim failed to personally examine Plaintiff and that Dr. Shim did not review Plaintiff's medical records prior to the incident. *See id.* As a result, Defendant submits that Dr. Shim cannot reliably account for pre-existing conditions that may have caused Plaintiff's injuries. *See id.* Plaintiff maintains that Dr. Shim has extensive experience. *See* ECF No. [85] at 7, 10-11. Plaintiff also argues that expert medical witnesses may rely on medical records to reach a causation opinion and that Dr. Shim properly relied on Plaintiff's medical records. *See id.* at 8.

The Court agrees with Plaintiff. As stated above, Dr. Shim's expert report identifies the materials he used to form his opinion. *See* ECF No. [79-1] at 5-11. Dr. Shim's expert report clearly indicates that he reviewed extensive medical records, diagnostic reports, and fourteen (14) diagnostic studies. *See id*. Dr. Shim further explains his reasoning by stating that, based on a review of Plaintiff's medical records, "*[b]ecause of flareup of back pain and left knee pain*, initial

---

Dr. Suite. Nonetheless, in *Bahr*, this Court did not allow Dr. Suite to testify about particular medical conditions, such as the plaintiff's cervical syrinx, because Dr. Suite failed to disclose his opinions about the particular medical conditions in his expert report and raised those opinions for the first time in his deposition. *See* 2021 WL 4845789, at *12. In the instant case, Dr. Shim disclosed his opinions in his expert report and has not raised any new opinions in a deposition. As such, *Bahr* is also inapposite. However, although *Trinidad* and *Bahr* are inapposite, the Court's analysis remains unaffected considering the applicable Eleventh Circuit cases, *Cook*, 402 F.3d at 1111, and *Frazier*, 387 F.3d at 1266, that instruct the Court to exclude imprecise and unspecific expert opinions as noted above.

evaluation and treatments such as medications and activities modifications for up to 3 months from date of the fall would be related to the date of fall." *Id.* at 5 (emphasis added). The Court considers such statements, combined with Dr. Shim's representation that he is basing his opinion on his review of medical records, to be a sufficient explanation of his methodology for his causation opinion that accounts for pre-existing conditions.

Further, although Defendant takes issue with the fact that Dr. Shim did not physically examine Plaintiff before or after her alleged incident, medical experts may rely on a review of medical records alone, without a physical examination of any type, to form expert medical opinions regarding causation. *See Geyer v. NCL (Bahamas) Ltd.*, 203 F. Supp. 3d 1212, 1216-17 (S.D. Fla. 2016) (determining that the lack of a physical examination did not render an expert medical opinion inadmissible under *Daubert*). Although Defendant stresses that Dr. Shim did not review any pre-incident medical records, the Court is not persuaded that Dr. Shim cannot form a causation opinion without reviewing medical records from before the incident since Dr. Shim reviewed medical records from the date of the incident and explained his reasoning as noted above. *See* ECF No. [79-1] at 6-7. Defendant's argument that Dr. Shim did not physically examine Plaintiff and that Dr. Shim did not review any pre-incident medical records goes to the weight of Dr. Shim's opinion, not its admissibility. Defendant may, of course, cross-examine Dr. Shim on his methodology, but Defendant's claim that Dr. Shim did not physically examine Plaintiff or that he did not review additional medical records is not a proper ground to exclude Dr. Shim's causation opinion.

In addition, although Defendant cites *Bahr*, *see* ECF No. [79] at 10 (citing 2021 WL 4845789, at *8), based on Defendant's pincite, the specific expert in *Bahr* that Defendant

references is Dr. Walker, and Dr. Walker is distinguishable from Dr. Shim.[3] In *Bahr*, this Court found that Dr. Walker, who was a treating physician, could not opine on the causes of the plaintiff's injuries because he was a treating physician who did not provide an expert report as required under Rule 26(a)(2)(B). *See* 2021 WL 4845789, *8-9. In contrast, in this case, Dr. Shim is not a treating physician but an expert, and he has produced an expert report. *See* ECF No. [79-1]. As such, unlike Dr. Walker, Dr. Shim should be permitted to give his causation opinion.[4]

Accordingly, the Court determines that Dr. Shim's causation opinion is based on reliable methodology, and Dr. Shim's causation opinion is admissible.[5]

### C. Past Medical Bills

Defendant argues that Dr. Shim's opinions with respect to the reasonableness and necessity of Plaintiff's past medical bills are speculative, lack any foundation, and lack a proper methodology. *See* ECF No. [79] at 11-12. Defendant argues that "Dr. Shim includes no mention of medical billing, no mention of why such billing was reasonable, no mention of what medical bills he reviewed or analyzed, and no mention of his reasoning for why said billing was indeed reasonable." *Id* at 12. Defendant argues that without any explanation of Dr. Shim's opinion on this matter, Defendant is unable to ascertain the reasoning for Dr. Shim's opinion. *See id.* Plaintiff argues that "an orthopedic surgeon with more than 30 years of clinical background, with experience as a chief of surgery and chief of orthopedics in hospital settings across the State of

---

[3] Defendant's prior pincite in *Bahr* is to a different expert as noted above. *Compare* ECF No. [79] at 8 (citing *Bahr*, 2021 WL 4845789, at *12), *with* ECF No. [79] at 10 (citing *Bahr*, 2021 WL 4845789, at *8).
[4] Defendant's reliance on *Muzaffarr v. Ross Dress for Less, Inc*., No. 12-61996-CIV, 2013 WL 3850848 (S.D. Fla. July 26, 2013), is unavailing for the same reason. *See* ECF No. [79] at 10.
[5] Although Defendant briefly notes that Dr. Shim's causation opinion is "not helpful," Defendant does not meaningfully argue that Dr. Shim's causation opinion is not helpful for reasons other than Dr. Shim's causation opinion being "unreliable." *See* ECF No. [79] at 10-11. The Court considers Dr. Shim's causation opinion to be helpful because the average layperson does not have the expertise to determine the cause of Plaintiff's injuries based on Plaintiff's medical records.

Florida, has the relevant experience necessary to render his opinions as to . . . whether the cost and necessity of her past treatments were reasonable." ECF No. [85] at 11.[6]

The Court agrees with Plaintiff. First, upon a review of Dr. Shim's expert report, it is apparent that Dr. Shim reviewed billing records from Dr. Wilson Almonte. *See* ECF No. [79-1] at 12. In addition to that specific medical bill, Dr. Shim reviewed medical records for Plaintiff's treatment from the date of the alleged incident, February 28, 2019, through January 14, 2020. *See id.* at 4-11. Unlike Dr. Shim's expert opinion on future medical care and associated costs, which has an inherent degree of uncertainty and depends on future contingencies as noted above, the total cost of past medical treatment is set in stone and readily available from medical records and bills. Dr. Shim's experience, including his experience with healthcare providers in Florida, coupled with his review of Plaintiff's specific medical records and medical bill, allows him to reliably determine whether, in his expert opinion, Plaintiff's past medical bills were necessary and reasonable. Although Defendant argues that Dr. Shim did not review additional medical bills, other than that of Dr. Almonte, the Court notes that Defendant will be permitted to cross-examine Dr. Shim on the basis of his opinion.

Lastly, to the extent that Defendant argues that Dr. Shim did not describe in sufficient detail his reasoning for why Plaintiff's past medical treatment was necessary and reasonable, the Court notes that Rule 26(a)(2) reports do not need to contain a complete discussion of the expert's methodology because the reports cannot realistically explore all the nuances of an expert's methodology. *See Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 6729362, at *7 (S.D. Fla. Nov. 16, 2020) (quoting *Etherton v. Owners Ins. Co.,* No. 10-CV-00892, 2011 WL 684592, at *2 (D. Colo. Feb. 18, 2011)). Further, given the nature of this particular expert opinion regarding the

---

[6] Plaintiff does not otherwise discuss the billing records Dr. Shim reviewed. *See generally* ECF No. [85].

necessity and reasonableness of certain medical evaluations, *see* ECF No. [79-1] at 4-5, which was expressly "based on information available at the time of the report" and does not require extensive scientific testing, *id.* at 5, the Court is persuaded that Dr. Shim has sufficiently established the basis for his expert opinion.

As such, Dr. Shim's opinion regarding the reasonableness and necessity of Plaintiff's past medical bills is admissible.[7]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [79]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Dr. Shim will not be permitted to offer his testimony about Plaintiff's future medical care.

3. Dr. Shim will be permitted to offer his testimony about all other matters in his expert report.

---

[7] As a final note, Defendant argues for the first time in a footnote in the Reply that Dr. Shim's expert opinion would be highly prejudicial because his conclusions are no different from Plaintiff's claims about her injuries and treatment. *See* ECF No. [89] at 3 n.3. Defendant submits that Dr. Shim's opinions are "disguised" as expert testimony when he should not be considered an expert. *Id.* It is improper to raise an argument for the first time in a reply, thus the Court does not consider this particular argument. *See, e.g.*, *Herring v. Secretary, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotations omitted); *Willis v. DHL Global Customer Sols. (USA), Inc.*, No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these arguments). Further, for the reasons noted above, other than Dr. Shim's imprecise and unspecific opinion on future medical care, Dr. Shim is qualified, his methods are reliable, and his opinions are helpful to the jury.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 29, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record