UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20621-BLOOM/Louis

GRACIE LEE PRICE,

    Plaintiff,

v.

CARNIVAL CRUISE LINES,

    Defendant.
_____/

**ORDER ON DEFENDANT'S AMENDED OMNIBUS MOTION *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Carnival Cruise Line's ("Defendant") Amended Omnibus Motion *in Limine*, ECF No. [78] ("Motion"), filed on February 9, 2022. Plaintiff Gracie Lee Price ("Plaintiff") filed a Response in Opposition, ECF No. [86] ("Response"), on February 23, 2022. To date, Defendant has not filed a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted in part and denied in part consistent with this Order.

**I.  BACKGROUND**

Plaintiff initiated this maritime personal injury action against Defendant on December 10, 2019. *See* ECF No. [1-3]. Plaintiff subsequently filed an Amended Complaint on April 24, 2020. *See* ECF No. [36]. In the Amended Complaint, Plaintiff seeks damages for injuries that she suffered on February 28, 2019, while she was a passenger aboard Defendant's cruise ship, *M/V Carnival Valor*. *See* ECF No. [36] ¶ 7. In the instant Motion, Defendant seeks to preclude Plaintiff from introducing the following at trial:

    i.    Undisclosed industry standards;

    ii.    Need and cost of future medical care;

    iii.    Total amount of medical charges; and

    iv.    Evidence, testimony, and argument regarding several "general issues" including: (a) the Parties' wealth and/or disparity of financial resources; (b) insurance available to Defendant; (c) comments concerning personal knowledge or justness of cause; (d) comments urging the jury to "send a message"; (e) improper statements of law; and (f) references to jury verdicts or settlements in other cases.

ECF No. [78]. Plaintiff opposes the relief sought in categories (i)-(iii), but Plaintiff does not oppose the relief sought in category (iv). *See generally* ECF No. [86].

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *See id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III.   DISCUSSION

#### A.  Undisclosed Industry Standards

Defendant seeks to preclude Plaintiff from introducing evidence that Defendant violated industry standards because Plaintiff has not yet identified any industry standards and allowing Plaintiff to introduce undisclosed industry standards at trial would improperly ambush Defendant. *See* ECF No. [78] at 3. Plaintiff responds that the deadline for discovery has not yet passed, and that Plaintiff will supplement her disclosures to include evidence of industry standards to be introduced at trial. *See* ECF No. [86] at 4.

In light of Plaintiff's representation that she will timely disclose industry standards to be introduced at trial, the Court agrees with Plaintiff. The Court reserves ruling on any evidence

regarding industry standards until trial when it can address questions of foundation, relevancy, and potential prejudice in the proper context. Thus, the Motion is denied as to this matter.

### B. Need and Cost of Future Medical Care

Defendant seeks to preclude Plaintiff from introducing evidence or testimony regarding the need and cost of future medical care. *See* ECF No. [78] at 4-5. As Defendant argues in its *Daubert* Motion, ECF No. [79] at 7-9, Plaintiff's expert witness, Dr. Shim, cannot render opinions on Plaintiff's need for future medical care because he has never treated Plaintiff and has not reviewed Plaintiff's medical history since January 2020. *See* ECF No. [78]. at 5. Defendant further argues that Dr. Shim's expert testimony that future medical care may be required is speculative. *See id.* at 4-5. Plaintiff argues that she has provided sufficient notice of the testimony that she intends to elicit from Dr. Shim on this matter. *See* ECF No. [86] at 4-5. Plaintiff further notes that the discovery deadline has not yet passed, and that the Court should defer ruling on the matter until trial. *See id.* at 4.

To the extent that Defendant argues that Dr. Shim's testimony regarding the need and cost of future medical care is speculative, the Court is persuaded. As stated in the Court's Order on Defendant's *Daubert* Motion, Dr. Shim will not be permitted to give his expert opinion on possible future treatment and associated costs. *See* ECF No. [107] at 6-8. Thus, Defendant's Motion is granted as to Dr. Shim's expert opinion on future medical care and costs.

However, the Court agrees with Plaintiff to the extent that Defendant seeks to prematurely exclude all other evidence related to Plaintiff's future medical care. A district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). Here, other evidence of the need and cost of future medical care

4

has not been identified, and the Court will not exclude evidence regarding Plaintiff's future medical care, other than Dr. Shim's expert testimony on the matter, before such evidence is presented for review. *See Thompkins v. Lil' Joe Recs., Inc.*, No. 02-61161CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003) (denying a motion *in limine* as premature because the nature of the evidence was unknown). The Court reserves ruling on any other evidence regarding the need and cost of future medical care until trial when it can address questions of foundation, relevancy, and potential prejudice in the proper context. Thus, the Motion is denied as to this matter.

### C. Total Amount of Medical Charges

Defendant requests that it be allowed to introduce evidence regarding the amount Plaintiff paid in full satisfaction of her medical bills if Plaintiff introduces the total amount of Plaintiff's medical charges. *See* ECF No. [78] at 5-6 (citing *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020)). Plaintiff responds Defendant is attempting to introduce payments from collateral sources to "write off" a tortfeasor's liability and that decisions regarding the "admissibility of such evidence [] should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." ECF No. [86] at 5.

The Court agrees with Defendant. In *Higgs*, the Eleventh Circuit held that "the appropriate measure of medical damages in a maritime tort case is that reasonable value determined by the jury upon consideration of any relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." 969 F.3d at 1299 (11th Cir. 2020). "Both the amount <u>billed</u> by healthcare providers and the amount <u>paid</u> by insurers are admissible as relevant to the question of fixing reasonable value." *See id.* at 1308 (emphasis in original). Furthermore, the Eleventh Circuit expressly stated that "a write-off of medical expenses is not a collateral source payment." *Id.* at 1315-16. As such, in the instant case, if Plaintiff

introduces the total amount of her medical charges, Defendant should be permitted to introduce evidence of write-offs and amounts actually paid. Therefore, Defendant's Motion is granted as to this matter.

### D. General Issues

Defendant seeks to preclude evidence, testimony, and argument regarding several "general issues" including: (a) the Parties' wealth and/or disparity of financial resources; (b) insurance available to Defendant; (c) comments concerning personal knowledge or justness of cause; (d) comments urging the jury to "send a message"; (e) improper statements of law; and (f) references to jury verdicts or settlements in other cases. *See* ECF No. [78] at 6-10. In her Response, Plaintiff does not address Defendant's request to exclude those categories of evidence. *See generally* ECF No. [86]. As such, Defendant's Motion is granted with respect to the "general issues." *See Radke v. NCL (Bahamas) Ltd.*, No. 19-CV-23915, 2021 WL 1738928, at *3 (S.D. Fla. May 3, 2021) (excluding evidence, testimony, and argument regarding a similar set of "general issues").

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [78]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Dr. Shim will not be permitted to offer expert testimony regarding future medical care.

3. If Plaintiff introduces the total amount of her medical charges, Defendant will be permitted to introduce evidence of write-offs and amounts actually paid.

4. Plaintiff shall not be permitted to offer evidence, testimony, and argument regarding: (a) the Parties' wealth and/or disparity of financial resources; (b) insurance available to Defendant; (c) comments concerning personal knowledge or justness of cause; (d)

comments urging the jury to "send a message"; (e) improper statements of law; and (f) references to jury verdicts or settlements in other cases.

5. Defendant's Motion is denied in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 30, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record