**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-20621-BLOOM/Louis**

GRACIE LEE PRICE,

      Plaintiff,

v.

CARNIVAL CRUISE LINES,

      Defendant.

_____/

## ORDER ON MOTION FOR FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Carnival Cruise Lines' ("Defendant") Motion for Reconsideration, or in the Alternative, Defendant's Motion for Leave to File Second *Daubert* Motion, ECF No. [122] ("Motion for Reconsideration"). Plaintiff filed a Response in Opposition to the Motion for Reconsideration, ECF No. [124], to which Defendant filed a Reply, ECF No. [125]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion for Reconsideration is granted in part and denied in part consistent with this Order.

## I.  BACKGROUND

Plaintiff initiated this maritime personal injury action against Defendant on January 7, 2020, ECF No. [1], and thereafter filed her Amended Complaint, ECF No. [36] ("Amended Complaint"). The Amended Complaint asserts the following three counts against Defendant: Count I – Negligence; Count II – Negligent Failure to Maintain; and Count III – Negligent Failure to Warn. *See id.* Count I alleges that Defendant was negligent in "failing to provide a reasonably safe means of walking in public areas," "allowing a dangerous condition(s) to exist upon its

vessel," "failing to warn passengers," "failing to avoid, eliminate and correct the dangerous condition(s)," "failing to provide adequate crew to maintain the flooring," and "providing negligent emergency assistance." *Id.* ¶ 15.

The parties proceeded with discovery pursuant to the Court's Scheduling Orders. *See* ECF Nos. [26], [49], [61], [65], and [83]. On April 5, 2022, Plaintiff disclosed Jay Daily as her liability expert. Defendant thereafter filed a Motion to Exclude the Testimony of Mr. Daily, ECF No. [117] ("Second *Daubert* Motion"). The Court denied the Second *Daubert* Motion because Defendant had previously filed a *Daubert* Motion and a second *Daubert* motion was filed in violation of the Court's Scheduling Order. *See* ECF No. [121]. Defendant then filed the instant Motion for Reconsideration and contends that permitting Mr. Daily's testimony will result in manifest injustice. *See* ECF No. [122]. Defendant also seeks, in the alternative, leave to file a second *Daubert* motion. *See id.* at 2-3. Plaintiff responds that the Motion for Reconsideration is an improper attempt to relitigate old matters that have already been addressed. *See* ECF No. [124].

## II.  LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request").

## III. DISCUSSION

Defendant argues that the Court should reconsider the Order on Defendant's Second *Daubert* Motion and exclude Mr. Daily's expert opinion to prevent manifest injustice. *See* ECF No. [122]. Defendant contends that Mr. Daily was not timely disclosed by the December 28, 2021 expert disclosure deadline and that the untimely disclosure is the reason why Defendant filed its

Second *Daubert* Motion. *See id.* (citing ECF No. [71]). Defendant seeks, in the alternative, leave to file a second *Daubert* motion. *See id.* at 2-3.

Plaintiff responds that Mr. Daily was not timely disclosed because Defendant did not make the subject vessel available for Mr. Daily to complete his expert report before the close of expert disclosures. *See* ECF No. [124] at 5. Plaintiff also points out that she sought the Court's intervention in compelling Defendant to make the vessel available for an inspection and Magistrate Judge Louis permitted the vessel inspection to take place in March 2022, *after* the deadline for expert disclosures. *See id.* Plaintiff submits that Magistrate Judge Louis thereby ruled on the timeliness of Plaintiff's disclosure of Mr. Daily. *See id.*

Defendant replies that Magistrate Judge Louis did not compel a vessel inspection but that the parties agreed to a vessel inspection. *See* ECF No. [125] at 2. Defendant also submits that while Magistrate Judge Louis determined that Plaintiff was entitled to a vessel inspection, Magistrate Judge Louis did not rule on whether Plaintiff had missed the expert disclosure deadline and whether Plaintiff would be permitted to introduce an expert after that deadline. *See id.* at 4-5.

After reviewing the transcript of the March 10, 2022 hearing before Magistrate Judge Louis, ECF No. [126], the Court makes the following determinations. First, Magistrate Judge Louis did not extend the expert disclosure deadline. *See id.* at 12-13 ("Anything that effects the schedule is outside the scope of my referral."). As such, the disclosure of Mr. Daily on April 5, 2022 was untimely. *See* ECF No. [117-2]; *see also* ECF No. [83] (extending the discovery deadline but not the expert disclosure deadline, which had already passed on December 28, 2021).

However, it is also apparent from the transcript that the parties contemplated a vessel inspection after the expert disclosure deadline. *See generally* ECF No. [126]. Further, as Plaintiff correctly argues, common sense dictates that an expert, not Plaintiff herself, was expected to

inspect the vessel, and that the purpose of an expert inspecting the vessel is to offer expert testimony. *See* ECF No. [124] at 6. As such, although Plaintiff was required to seek leave of court to extend the expert disclosure deadline, the untimely disclosure of Mr. Daily after the vessel inspection was not unexpected by the parties. Nor does the Coort find that the late disclosure unduly prejudices Defendant. Thus, Plaintiff's untimely disclosure of Mr. Daily does not warrant the exclusion of Mr. Daily's expert opinion. Because Mr. Daily's opinion should not be excluded on the basis of an untimely disclosure, the Court need not disturb the Court's prior Order denying Defendant's Second *Daubert* Motion.

Next, the Court notes that Defendant seeks, in the alternative, leave to file a second *Daubert* motion. *See* ECF No. [122] at 5-6. When Defendant filed its first *Daubert* Motion, Mr. Daily's expert report had not been disclosed by Plaintiff. *See* ECF Nos. [79], [117-2]. As such, and in fairness to Defendant, the Court will consider a second *Daubert* Motion that seeks to exclude Mr. Daily's expert opinion pursuant to the three-prong analysis set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Reconsideration or, in the Alternative, Defendant's Motion for Leave to File Second *Daubert* Motion, **ECF No. [122]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Defendant shall file its Second *Daubert* motion no later than **July 1, 2022**.

3. Plaintiff shall file her Response to Defendant's Second *Daubert* Motion no later than **July 6, 2022**. Defendant's Reply shall be filed by **July 8, 2022**.

Case No. 20-cv-20621-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record